Arthur F. ROSE

v.

**William L. COOPER, Administrator c.t.a. of Anna C. Rose.**

**89–571–Appeal.**

Supreme Court of Rhode Island.

April 17, 1991.

Gary Yesser, John W. Dindeen, Yesser, Jessop & Green, Providence, for plaintiff.

Henry M. Swan, Davis, Jenckes, Kilmarx & Swan, Inc., Providence, for defendant.

## OPINION

MURRAY, Justice.

This case comes before us on appeal by the plaintiff, Arthur F. Rose, from a Superior Court order granting summary judgment to the defendant, William L. Cooper. We reverse and remand the matter for an evidentiary hearing. The record discloses the following material facts.

Anna C. Rose, plaintiff's great-aunt, died on July 22, 1962, leaving a will in which she named defendant and his wife, Anna Rose's favorite niece, as the beneficiaries of her entire estate. Anna Rose's only known property at the time of her death was a joint savings account and $50 in cash. Because there was no estate to be administered, the will was filed on July 31, 1962, but was not probated.

Sometime in 1983 defendant discovered that Anna Rose owned a substantial amount of real estate on Block Island at the time of her death. It therefore became necessary to probate the will. The defendant published notice of the probate proceedings in the Providence Journal over a period of three weeks. He also mailed letters of notice to all heirs at law in June 1985. In notifying plaintiff, he addressed the letter "P.O. Box 421, New Shoreham, Block Island, Rhode Island." On November 18, 1985, the will was admitted to probate, and defendant received all the Block Island real estate as sole surviving beneficiary under the will. The defendant filed an affidavit of completed administration in Probate Court on August 18, 1986, and the estate was closed.

In August 1987 plaintiff learned of the probate proceedings and filed a miscellaneous petition in the Probate Court to vacate the prior order approving the will and to reopen the matter for a hearing on the merits. In support of his petition, plaintiff averred that his mailing address from 1952 to 1989 was box No. 187, not box No. 421, and that he had not received notice of the probate proceedings in accordance with Rhode Island law. The defendant contended that he had complied with the statutory-notice requirements by mailing notice to the address he had believed in good faith to have been plaintiff's last known address. The plaintiff's petition was denied on April 13, 1988, and plaintiff appealed to the Superior Court. Following cross-motions for summary judgment, the trial justice entered judgment for defendant on October 18, 1989. Subsequently plaintiff appealed to this court.

In ruling on the motions below, the trial justice characterized plaintiff's petition as an appeal from the 1985 order admitting Anna Rose's will to probate. Because Anna Rose's estate was closed in 1986, the trial justice concluded that plaintiff's appeal was untimely as a matter of law, having exceeded all statutory time allowances for appeals from Probate Court orders. See G.L.1956 (1984 Reenactment) § 33-23-1 (allowing aggrieved party twenty days to appeal from entry of Probate Court order); G.L.1956 (1985 Reenactment) § 9-21-6 (extending time for appeal to ninety days in case of accident, mistake, unforeseen cause, or excusable neglect). Were this an appeal as the trial justice concluded, we would agree that it is barred by statute. We find, however, that this matter originated as a *petition to vacate* the 1985 order approving the will. Therefore, the two statutes cited above are not controlling.

General Laws 1956 (1984 Reenactment) § 33-22-6 provides that failure to give notice of probate proceedings as required by statute "shall not defeat the jurisdiction of the court * * * and upon discovery thereof the court may make such further orders as the circumstances may require." *See Davtian v. Barsamian*, 106 R.I. 185, 191-92, 256 A.2d 510, 513-14 (1969) (petition to reopen probate proceedings allowed even though filed more than five years after close of estate). Although fraud was alleged as the reason for lack of notice in *Davtian*, fraud was not essential to the holding in that case or to the operation of § 33-22-6. *Id.* at 190, 256 A.2d at 513. We conclude, therefore, that plaintiff's pe-

tition was not time barred and his petition to vacate the previous order is justiciable under § 33–22–6.

■ Finally we note that a question of fact exists regarding whether the plaintiff received actual notice of the probate proceedings. It is well settled that summary judgment is an inappropriate manner of disposition in cases where a question of fact exists. We therefore hold that the trial justice erred in granting summary judgment to the defendant, and we remand the matter to the Superior Court for an evidentiary hearing. If the trial justice determines that notice was received, or that the plaintiff was responsible for the erroneous address, then the plaintiff's appeal shall be denied and dismissed. If notice was not received, then the trial justice is instructed to sustain the plaintiff's appeal and remand the case to the Probate Court.

For the reasons stated, the plaintiff's appeal is sustained, the judgment of the Superior Court is reversed, and the papers of the case are remanded to the Superior Court for further proceedings in accordance with our instructions.